**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JUSTIN BUA,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No.: 1:25-cv-14134<br><br>Judge John J. Tharp, Jr.<br><br>Magistrate Judge Albert Berry, III |

**MOTION TO MODIFY CONSENT JUDGMENT**

Plaintiff, Justin Bua ("Plaintiff"), respectfully moves the Court to modify the Consent Judgment entered on August 12, 2026 [46] against Defendant Nos. 27 Boutique poster et al.[1] (collectively, the "Defendants"), for the single purpose of correcting the corporate name of the non-party e-commerce platform that the Consent Judgment orders to transfer the settlement funds to Plaintiff. A redline version of the proposed Corrected Consent Judgment is attached hereto as Exhibit A, and a clean version has been submitted to the Court's proposed order inbox. In support, Plaintiff states as follows:

The Consent Judgment awards Plaintiff ten thousand five hundred dollars ($10,500) in damages and orders the e-commerce platform holding Defendants' seller-account funds to transfer that sum to Plaintiff within seven calendar days of receipt of the Order. [46 ¶ 3]. It identifies that platform as "Temu LLC." The correct corporate name, however, is Whaleco, Inc. d/b/a Temu. The misnomer has stalled payment. The platform has advised Plaintiff's counsel that it will not process

[1] "Defendants" include Defendant Nos. 27 Boutique poster, 28 great poster, 29 Free spirit posters, 30 NB Boom Poster, 31 Home of Posters, 32 Focus on posters, 34 A very good poster, 35 Artful Livin Wall Wonders Aesthetic Haven, 37 Good merchant Y, 38 Wall Painting Art, 39 Fantastic Wall Decoration, 40 Canvas Classic Art, 41 Wonderful Poster Showcase, and 42 This poster looks great.

the transfer the Consent Judgment directs unless the entity ordered to act is identified in the Court's order as Whaleco, Inc. d/b/a Temu rather than Temu LLC.

Rule 60(a) exists for precisely this. The Court "may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record," and "may do so on motion or on its own, with or without notice." Fed. R. Civ. P. 60(a). "Such clerical mistakes include the inadvertent mislabelling of a party's name." *Chrysler Credit Corp. v. Anthony Dodge, Inc.*, No. 92 C 5273, 1996 WL 509888, at *4 (N.D. Ill. Sept. 4, 1996); *see PacifiCorp Capital, Inc. v. Hansen Props.*, 161 F.R.D. 285, 287 (S.D.N.Y. 1995) ("By this time, it is plain that misnomers with respect to parties may be corrected pursuant to this Rule.").

What the Court adjudicated is untouched. A Rule 60(a) correction "changes nothing of substance but is used to restore the original meaning of the judgment," *Grunt Style LLC v. TWD, LLC*, 140 F.4th 839, 849 (7th Cir. 2025), and that is all the requested correction does: the Damage Amount, the findings of personal jurisdiction and copyright liability, the permanent injunction, the Court's retention of jurisdiction, and Plaintiff's entitlement to reasonable attorneys' fees and costs incurred in enforcement all stand precisely as entered.

Neither the entry of the Consent Judgment nor the closure of this action bars relief. Rule 60(a) fixes no deadline, and "when the error is 'clerical' the time of correction does not matter." *United States v. Griffin*, 782 F.2d 1393, 1398 (7th Cir. 1986). The Seventh Circuit has ordered technical repairs to a judgment seventeen years after its entry, observing that "[t]echnical repair work may be done at any time" and that "[s]lips of the judicial pen ought not cost litigants their substantive rights." *TDK Elecs. Corp. v. Draiman*, 321 F.3d 677, 679 (7th Cir. 2003). A correction under the rule operates *nunc pro tunc*, relating back to the original entry. *Grunt Style*, 140 F.4th at 848.

Plaintiff therefore respectfully requests that the Court modify the Consent Judgment [46] and enter the proposed Corrected Consent Judgment attached hereto as Exhibit A, which identifies the entity ordered to transfer the Damage Amount as Whaleco, Inc. d/b/a Temu rather than Temu LLC, and leaves the Consent Judgment otherwise unchanged.

DATED: September 3, 2026

Respectfully submitted,

*/s/ Keith A. Vogt*

Keith A. Vogt
FL Bar No. 1036084/IL Bar No. 6207971
Keith A. Vogt PLLC
1820 NE 163rd Street, Suite #306
North Miami Beach, Florida 33162
Telephone: 312-971-6752
E-mail: keith@vogtip.com

***ATTORNEY FOR PLAINTIFF***

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was electronically filed on September 3, 2026, with the Clerk of the Court using the CM/ECF system, which will automatically send an email notification of such filing to all attorneys and parties of record.

*/s/ Keith A. Vogt*
Keith A. Vogt